[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14427

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER BUONOCORE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00402-TPB-JSS-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Christopher Buonocore, a counseled federal prisoner, appeals his 180-month total sentence. He moves to summarily reverse the district court and to stay the briefing schedule. He asserts he is entitled to relief because the Government did not recommend a total sentence within the guidelines range, as agreed to in the written plea agreement. The Government acknowledges it breached the plea agreement, agrees with Buonocore that the case should be remanded, and recommends that we remand to the district court to a different judge for resentencing.

## I. BACKGROUND

In 2020, Buonocore pleaded guilty pursuant to a written plea agreement to six counts of cyberstalking, 18 U.S.C. §§ 2261(b), 2261A(2)(B). In relevant part, the written plea agreement provided that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the Government "will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement." The district court ultimately accepted Buonocore's plea and found him guilty.

Buonocore's presentencing investigation report calculated his original guidelines imprisonment range to be 108 to 135

months' imprisonment. At sentencing, the district court found his guidelines range was only 51 to 63 months' imprisonment. The Government asked the court to vary upward and sentence him within his original guidelines range of 108 to 135 months' imprisonment. The Government later verified that it was asking for a 135-month total sentence.

The district court, however, varied upward beyond the total term sought by the Government, and sentenced Buonocore to a total of 180 months' imprisonment, followed by three years of supervised release. At no point in the proceedings did either the Government or Buonocore mention that the plea agreement required the Government to recommend a total sentence within the guidelines range as calculated by the district court.

Prior to briefing in this appeal, Buonocore filed the present motion for summary reversal, arguing he had entered into a valid plea agreement that the Government did not follow when it recommended he be sentenced outside the announced guidelines range of 51 to 63 months' imprisonment.

## II. DISCUSSION

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "A material promise by the government, which induces a defendant to plead guilty, binds the government to that promise," meaning "the

government breaches a plea agreement when it fails to perform the promises on which the plea was based." *United States v. Hunter*, 835 F.3d 1320, 1324 (11th Cir. 2016) (quotation marks omitted).  A defendant can bargain not just for the dismissal of charges, but also for a particular sentencing recommendation by the prosecution. *See Santobello*, 404 U.S. at 262.  After the government concedes that such a promise was made, it is unlikely it could argue that its inadvertent breach was immaterial. *See id.*

We grant Buonocore's motion, vacate his total sentence, and remand the case back to the district court for resentencing before a different judge.[1]  Buonocore has shown plain error. *See United States v. Hedges*, 175 F.3d 1312, 1317 (11th Cir. 1999) (reviewing an issue not preserved in a criminal case for plain error). The Government agreed to recommend a total sentence within the sentencing guidelines range in the plea agreement.  The district court announced a guidelines imprisonment range of 51 to 63 months.  The Government then recommended a 135-month total sentence, which was outside the announced guidelines range. Thus, there was an error that is plain. *See United States v. De La*

---

[1] "[T]here are two remedies available when a plea agreement is breached." *Hunter*, 835 F.3d at 1329 (quotation marks omitted).  The first is to "remand the case for resentencing according to the terms of the agreement before a different judge." *Id.*  The second is to "permit the withdrawal of the guilty plea." *Id.*  We have the discretion to choose between these two remedies, but withdrawal of the plea is the less favored option. *Id.*

*Garza*, 516 F.3d 1266, 1269 (11th Cir. 2008) (stating, "[u]nder plain error review, there must be (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings").

As for substantial rights, part of the plea agreement included recommending a total sentence within the guidelines and the Government was bound by that promise. By recommending a sentence over the guidelines range, the Government materially breached a promise that must be fulfilled, impacting Buonocore's rights. *See Santobello*, 404 U.S. at 262. As the Government breached the agreement, the interests of justice and recognition of the duties of the prosecution in relation to promises made during the plea negotiation also justify remanding the case back to the district court, in front of a different judge, for resentencing. *Id.* at 262–63 (concluding the interests of justice and the recognition of the duties of the prosecution in relation to promises made in the negotiation of guilty pleas can serve as grounds to remand cases in the case of a government breach of an agreement); *see also Hunter*, 835 F.3d at 1329.

Therefore, because Buonocore's position is clearly correct as a matter of law, we GRANT his motion for summary reversal and DENY as moot his motion to stay the briefing schedule. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir.

6                         Opinion of the Court                    21-14427

1969)[2] (explaining summary disposition is appropriate, in part, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case").

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.